UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 15-322-HRW

**SCARLET WICKER CATRON,**                                                    **PLAINTIFF,**

v.                  **MEMORANDUM OPINION AND ORDER**

**NANCY A. BERRYHILL,**
**ACTING COMMISSIONER OF SOCIAL SECURITY,**            **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on August 7, 2012, alleging disability due to "fibromyalgia, depression, panic attacks, insomnia, swelling in right leg, memory loss [and] dizziness" (Tr. 208). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Robert B. Bowling (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Tina Frederick, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 14-23). Plaintiff was 54 years old at the time of the hearing decision. She has a high school education with an additional two years of college. Her past relevant work experience consists of work as a operations specialist for UPS.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 16).

The ALJ then determined, at Step 2, that Plaintiff suffers from fibromyalgia, degenerative joint disease, tendinitis, rotator cuff tear in right shoulder, degenerative disease of cervical spine, affective disorder and anxiety disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 16).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any

of the listed impairments (Tr. 17).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 21) but determined that she has the residual functional capacity ("RFC") to perform a range of light work as follows: she can stand and walk only for six hours in an eight hour workday; sit only for six hours in an eight hour workday; only occasionally push and pull with upper right extremity; only occasionally reach overhead with upper right extremity; never climb ropes, ladders and scaffolds; should avoid concentrated exposure to vibration and the use of moving machinery; should only have occasional interaction with the general public, only occasional interaction with co-workers and only occasional supervision (Tr. 18-21).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 22).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner*

3

*v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Urging appeal, Plaintiff contends that the ALJ improperly discounted the opinion of her treating physician, Jeffery McGinnis, M.D.

Dr. McGinnis has been Plaintiff's primary care provider for several years. In April 2012, he noted that Plaintiff was not subject to joint, back, or muscle pain, and that she felt her condition was improving (Tr. 332). In September 2012, Dr. McGinnis observed mild tenderness in Plaintiff's cervical spine and in her trapezius muscles, as well as diffuse trigger points, but no evidence of sensory or motor abnormalities (Tr. 659). That same month, an MRI of Plaintiff's cervical spine provided an impression of "mild degenerative disc disease producing only minimal canal stenosis and foraminal narrowing" (Tr. 667).

Dr. McGinnis completed a Residual Functional Capacity Assessment in January 2014 and assessed the following; standing and walking less than 2 hours in an 8 hour day; sitting less than 2 hours in an 8 hour day; occasionally lifting 10 pounds and frequently lifting 8 pounds; Dr. McGinnis further assessed that Ms. Catron will be absent more than 4 days a month. (Tr. 577).

Dr. McGinnis completed an additional medical source statement in May 2014 providing a similar opinion but that Plaintiff could only occasionally only use her hands and climb stairs; and never bend, stoop, balance or climb ladders (Tr. 694).

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted).

In the hearing decision, the ALJ discussed the records and opinion of Dr. McGinnis in detail. He pointed out that his suggestion of disabling physical limitations were inconsistent with his own treatment records which did not contain significant limitations with regard to Plaintiff's functioning. The ALJ further noted that the diagnostic findings in the record were "largely benign", showing degenerative disease in her right shoulder as well as tear in the rotator cuff but that she retained a significant range of motion, strength and reflexes. The Court notes that the RFC clearly contemplates Plaintiff's right shoulder impairment.

The Court finds that the ALJ properly considered Dr. McGinnis' opinion. Contrary to Plaintiff's argument, an ALJ is required to "assess a claimant's RFC based on all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). Thus, no medical source opinion is alone conclusive on this issue. SSR 96-5p, 1996 WL 374183, at *2, 4-5 (stating that some issues, such as RFC, are not medical issues regarding the nature and severity of an individual's

impairment(s) but instead administrative findings that are dispositive of a case, and thus are reserved to the Commissioner).

With regard to Plaintiff's mental impairment, she argues that the ALJ should have specifically mentioned Plaintiff's reporting of suicidal ideations in the summer of 2012. However, Plaintiff herself testified that prior to the April 2014 administrative hearing she had experienced suicidal ideations, but had discussed it with a psychiatrist and psychologist, who helped her realize it was not something she needed to think about and she had not been treated for it (Tr. 71). Plaintiff also argues that the ALJ did not properly consider her limitations in concentration and "memory inadequacies." However, in June 2012, Dr. Fennell opined that Plaintiff's memory was intact to recent and remote events (Tr. 390-392); in September 2012, Dr. Merchant noted that Plaintiff's memory, concentration, and judgment appeared to be normal (Tr. 541-543); and in October 2012, psychologist Genthner noted that Plaintiff's memory was good and she only had a mild limitation in attention and concentration skills (Tr. 373-379). Moreover, the ALJ noted that he had carefully considered the total record before him in making his RFC determination, including records from St. Claire Counseling as contained in the List of Exhibits attached to the ALJ's August 2014 decision (Tr. 43-47). A review of the hearing decision establishes that the ALJ did, in fact, consider Plaintiff's mental functioning.

Finally, Plaintiff asserts that the ALJ "never mentions or discussed the MRI of the Lumbar Spine performed at Lexington Diagnostic Center on October 9, 2014." Plaintiff's argument is without merit. The evidence that Plaintiff referenced is dated October 9, 2014 (Tr. 696), and the ALJ's decision was issued on August 12, 2014 (Tr. 33-47). Thus, the evidence was not even before the ALJ. Further, the Appeals Council stated it "considered the reasons you

disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council." (Tr. 2). The Order of Appeals Council specifically referenced the October 9, 2014 MRI (Tr. 5). Moreover, the record associated with the October 2014 MRI at Lexington Diagnostic Center reveals nothing that would have changed the ALJ's decision even if it had been before the ALJ. The referenced MRI indicated that there was no central or foraminal stenosis at any level; only mild degenerative facets at L3-4, and a disc bulge with a small central protrusion at L4-5 (Tr. 696).

While Plaintiff may have had limitations that negatively affected her ability to work, the mere existence of impairments such as those alleged by Plaintiff, is insufficient to establish disability under the stringent standards of the Act. Instead, Plaintiff had to show that her impairments caused functional limitations so severe that she was unable to engage in any substantial gainful activity for a continuous period of at least 12 months. *See Barnhart v. Walton*, 535 U.S. 212, 220 (2002); 42 U.S.C. § 423(d)(1)(A). The disability, not just the impairment, must last 12 months. *Walton*, 535 U.S. at 220. Here, the evidence simply does not support Plaintiff's claims of completely disabling limitations from her alleged disability onset date of January 5, 2012, through the date of the Commissioner's final decision.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 21st day of March, 2017



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge